IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **VILLAGE GREEN I, GP,** <br> a Nevada General Partnership, <br><br> Appellant, <br><br> v. <br><br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 14-2351-STA <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

**ORDER GRANTING APPELLANT'S MOTION FOR STAY PENDING APPEAL**
_____

Before the Court is Appellant Village Green I, GP ("Village Green")'s Motion for Stay Pending Appeal (ECF No. 8) filed on May 21, 2014. Appellee Federal National Mortgage Association ("Fannie Mae") has responded in opposition. On May 29, 2014, the Court held an emergency hearing on the Motion and heard oral argument from both sides. For the reasons set forth below, Village Green's Motion for Stay is **GRANTED**.

**BACKGROUND**

This is the third appeal in this matter from a decision of the United States Bankruptcy Court for the Western District of Tennessee. The Court has set out the factual and procedural background of the case in its opinions in *Federal National Mortgage Association v. Village Green I, GP*, 483 B.R. 807 (W.D. Tenn. 2012) ("*Village Green I*") and in *Federal National Mortgage Association v. Village Green I, GP*, No. 13-2643-STA, 2014 WL 288974 (W.D. Tenn. Jan. 27, 2014) ("*Village*

1

*Green II*"). As such, the Court need not review the full background of Village Green's bankruptcy proceedings here. Briefly, Village Green is the owner of the Village Green Apartments located at 3450 Fescue Lane, Memphis, Tennessee ("the property"). The property is a 314-unit apartment complex situated in the Hickory Hill neighborhood of Memphis, Tennessee. On April 16, 2010, Village Green filed a Chapter 11 petition.

In *Village Green I*, the Court largely affirmed the Bankruptcy Court's initial order confirming Village Green's Chapter 11 plan. The Court remanded the case for the limited consideration of the following issues: (1) whether artificial impairment is relevant to the analysis under 11 U.S.C. § 1129(a)(10) or the analysis under section 1129(a)(3); (2) whether Village Green had shown good cause for the impairment of the claims of its accountant and attorney; and (3) whether the plan's proposed modification of the loan documents was fair and equitable to Fannie Mae. On remand the Bankruptcy Court held that the issue of artificial impairment was relevant to its good faith analysis under section 1129(a)(3) and concluded that Village Green was economically justified in impairing the *de minimis* claims. The Bankruptcy Court further determined that certain modifications of the parties' loan documents were fair and equitable to Fannie Mae.

In *Village Green II*, the Court affirmed in part and reversed in part the Bankruptcy Court's confirmation decision. The Court found an abuse of discretion in the Bankruptcy Court's holding that Village Green had economic justification for impairing the *de minimis* claims of its attorney and accountant. As such, Village Green had not shown that it had proposed its plan in good faith. As for the modifications to the Deed of Trust and specific covenants between the parties, the Court affirmed the Bankruptcy Court's determination that transfer of control over funds for taxes, insurance, and capital expenditures was fair and equitable to Fannie Mae. However, the Court

reversed the Bankruptcy Court's unsupported finding that the removal of Fannie Mae's right to consent to the management of the property was fair and equitable. Therefore, the Court remanded the case a second time to the Bankruptcy Court for further proceedings. On remand, the Bankruptcy Court granted Fannie Mae's motion to lift the automatic stay and *sua sponte* dismissed the case on April 24, 2014. Village Green's timely appeal followed.[1]

Fannie Mae has noticed a foreclosure sale of the Village Green property for June 13, 2014. Village Green has responded by filing the instant Motion for Stay Pending the Appeal. Village Green argues that unless the stay is granted, the foreclosure will proceed, and Village Green will lose any meaningful opportunity for appellate review. Village Green argues that a stay pending appeal is justified under the four-factor balancing test for preliminary injunctions. First, Village Green will suffer irreparable harm. The property is Village Green's only asset, and if Fannie Mae is permitted to foreclose on the property, Village Green will have no business to reorganize. Second, serious questions going to the merits exist in this case. Because of the severity of the harm Village Green faces, it need not demonstrate a likelihood of success but rather a serious question going to the merits. According to Village Green, the serious merits question here is the issue of artificial impairment, an issue of first impression in the Sixth Circuit, as well as this Court's conclusion in *Village Green II* that the modification of the parties' contract improperly shifted the risk of reorganization to Fannie Mae. Third, the potential harm to Fannie Mae is minimal. Fannie Mae will continue to receive monthly payments and reports from Village Green under the same terms the parties agreed to during stays pending earlier appeals to this Court. Finally, the public interest favors

---

[1] Village Green initially took its appeal to the Bankruptcy Appellate Panel for the Sixth Circuit. Fannie Mae then exercised its right to have the appeal heard by the District Court pursuant to 28 U.S.C. 158(c)(1)(B).

a stay because without a stay Village Green will lose its only assert and any meaningful opportunity to obtain appellate review and reorganize as a business concern. Thus, all of the factors favor a stay pending appeal.

Fannie Mae has responded in opposition, arguing that Village Green cannot show a likelihood of success on the merits.[2] Village Green has no equity in the property and cannot confirm a Chapter 11 plan over Fannie Mae's objection. On the legal questions presented, Village Green is unlikely to prevail on the artificial impairment issue. There is a circuit split over whether impairment is better analyzed under section 1129(a)(10)'s requirement to have a consenting impaired class or under section 1129(a)(3)'s good faith requirement. The Bankruptcy Court held that artificial impairment was better analyzed as part of the good faith issue. According to Fannie Mae, the circuit split has no relevance to the issue presented on appeal, which is whether Village Green had an economic justification for impairing the *de minimis* claims of its attorney and accountant. Fannie Mae further argues that a stay will prejudice its interests far more than the denial of a stay will harm Village Green. The automatic stay has prevented Fannie Mae from exercising its contractual rights for some years. And the previous stays granted while this case was on appeal to this Court were intended to protect Village Green while its confirmed plan was under appellate review. On the other hand, if the foreclosure proceeds and Village Green ultimately prevails on appeal, Village Green has adequate remedies for monetary damages under state law. Fannie Mae requests that if the Court does grant the stay, it should do so under the regular terms of the loan agreement and covenants between

---

[2] Fannie Mae does not oppose a stay of the Bankruptcy Court's dismissal of the case. Fannie Mae has filed a separate action and motion to withdraw the reference from the Bankruptcy Court. *See Federal National Mortgage Association v. Village Green I, GP*, no. 14-2311-STA.

the parties. As for the final factor, a stay will thwart the public interest in Fannie Mae's ability to exercise its contractual rights, foreclose on the property, and sell the property to another entity better able to manage it. Village Green by contrast has no right to reorganization because it cannot do so under the terms of the Bankruptcy Code. For these reasons the Court should deny the stay.

## JURISDICTION

The Court has jurisdiction over Village Green's appeal in this matter pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction over final orders from a bankruptcy court. The Bankruptcy Court dismissed this case pursuant to 11 U.S.C. § 1112(b), and the Bankruptcy Appellate Panel for the Sixth Circuit has held that a dismissal under that section is a final appealable order for purposes of section 158.[3] Therefore, the Court holds that jurisdiction is proper in this appeal.[4]

## STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8005 governs motions for a stay of judgment, order, or decree pending appeal and permits a bankruptcy judge or the district court to "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."[5] "Deciding a motion for a stay requires balancing four factors: (1) the likelihood that the party seeking

---

[3] *In re Meridian Venture Partners, LLC*, 507 B.R. 31 (B.A.P. 6th Cir. 2013).

[4] Fannie Mae argues that Village Green's appeal is unlikely to succeed on the merits because it is time barred, a contention that would also go to the Court's jurisdiction. *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982) (per curiam) ("[A] district court lacks jurisdiction over an appeal that is not timely filed pursuant to Rule [8002(a)]."). The Court finds Fannie Mae's theory to be without merit and discusses the issue more fully in its analysis of Village Green's likelihood of success on the merits.

[5] Fed. R. Bankr. P. 8005.

the stay will prevail on the merits on appeal, (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."[6] The four factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together" based on an analysis of an "adequate record" of "specific facts and affidavits supporting assertions that these factors exist."[7] As the moving party, Village Green bears the burden to show that it is entitled to a stay.[8]

## ANALYSIS

Based on its analysis of the four-factor balancing test, the Court holds that Village Green has carried its burden to show an entitlement to a stay of the Bankruptcy Court's judgment pending appeal. The Court will discuss each factor separately.

### I. Irreparable Harm to Village Green

The Sixth Circuit has observed that "a movant seeking a stay pending a review on the merit's of a [lower] court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits" and "must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal."[9] Although this standard is demanding, it is not absolute. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will

---

[6] *In re Stearns Bldg.*, 165 F.3d 28 (6th Cir. 1998).

[7] *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991).

[8] *Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

[9] *Griepentrog*, 945 F.2d at 153.

suffer absent the stay. Simply stated, more of one excuses less of the other."[10]  Even where a party seeking a stay establishes irreparable harm, the possible harm must "decidedly outweigh any potential harm to the defendant if a stay is granted," and the movant still must show "serious questions going to the merits" and not "the mere possibility of success on the merits."[11] On this sliding scale then, Village Green's burden to show a likelihood of success on the merits diminishes as the degree of harm Village Green suffers rises and "decidedly outweigh[s]" the harm to Fannie Mae.  Therefore, the Court begins by analyzing the likelihood of harm to Village Green if the Court does not stay the judgment pending appeal.

The Court holds that Village Green has shown a strong likelihood of irreparable harm.  The Sixth Circuit generally considers three factors to evaluate the degree of harm a moving party will suffer absent a stay pending appeal: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided.[12]

> The key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.[13]

Village Green's proof of irreparable harm in this case is more than adequate.  Village Green has demonstrated (and Fannie Mae does not dispute) that a foreclosure sale for the property has been noticed for June 13, 2014.  The threatened harm of foreclosure is substantial in this case because the

---

[10] *Id.*

[11] *Id.* at 153–54.

[12] *Id.* at 154.

[13] *Sampson v. Murray,* 415 U.S. 61, 90 (1974) (quotation omitted).

7

property is Village Green's only asset in a single-asset bankruptcy reorganization. Village Green then stands to lose its only asset if the foreclosure goes forward, and its attempt at reorganization would arguably be moot, denying Village Green any opportunity for appellate review.[14] These circumstances clearly suggest irreparable harm.[15] Furthermore, the threat of foreclosure is likely because Fannie Mae has noticed a foreclosure sale for June 13, 2014, making the harm to befall Village Green "both certain and immediate, rather than speculative or theoretical."[16] Therefore, the Court concludes that Village Green has shown a strong likelihood of irreparable harm if the Court does not stay the proceedings pending appeal.

**II. Harm to Fannie Mae if the Stay is Granted**

Not only has Village Green established a strong showing of irreparable harm, but the Court also finds that the harm to Village Green decidedly outweighs any threat of harm to Fannie Mae if a stay is granted. The stay will preserve the status quo, and the Court can grant a stay "on such terms as will protect the rights of all parties in interest" pending the resolution of Village Green's appeal of the Bankruptcy Court's judgment.[17] Specifically, Fannie Mae can continue to receive payments of principal and interest from Village Green and exercise most of its rights under the terms of the Deed of Trust. In other words Fannie Mae can receive the benefit of its bargain with Village Green.

---

[14] *State of Ohio v. Madeline Marie Nursing Homes No. 1 & No. 2*, 694 F.2d 449, 462–63 (6th Cir. 1982) ("In the field of administration of estates under the bankruptcy laws, the policy of the law strongly supports a requirement that a stay be obtained if review on appeal is not to be foreclosed because of mootness.") (citation omitted).

[15] *In re Target Graphic, Inc.*, 372 B.R. 866, 875 (E.D. Tenn. 2007).

[16] *Griepentrog,* 945 F.2d at 154.

[17] Fed. R. Bankr. P. 8005.

The only possible harm Fannie Mae will suffer is further delay of its contractual right to foreclose on the Village Green property. The Court finds that this harm is decidedly outweighed by the threat of irreparable harm to Village Green if a stay is not granted. Therefore, the threat of harm to Fannie Mae weighs in favor of granting a stay pending appeal.

**III. Serious Questions Going to the Merits**

Having determined that Village Green has made a strong showing of irreparable harm and the threat of harm to Village Green decidedly outweighs any harm to Fannie Mae, the Court must determine whether Village Green raises "serious questions going to the merits" in this appeal. Village Green has cited the artificial impairment issue and this Court's analysis in *Village Green II* of the fairness of contractual modifications to Fannie Mae as serious merits questions. As the Court noted in *Village Green I*, "[s]ome question remains about whether artificial impairment is more properly considered as part of the § 1129(a)(10) analysis or as part of the good faith analysis under § 1129(a)(3)."[18] What is more, the Court found that "the Sixth Circuit has not addressed the kind of artificial impairment raised by Fannie Mae in this appeal."[19] The Court would also add that the Sixth Circuit has not addressed whether "Village Green must demonstrate some economic justification for delaying payment to the *de minimis* creditors" to prove "that the claims are actually, as opposed to artificially, impaired."[20] These questions of law are issues of first impression in this Circuit. Therefore, the Court finds that Village Green has carried its burden to show serious

---

[18] *Village Green I*, 483 B.R. at 817.

[19] *Id.*

[20] *Village Green II*, 2014 WL 288974, at *3.

questions going to the merits of this appeal.[21]

Fannie Mae argues that Village Green has filed this appeal out of time and thus cannot prove a likelihood of success on the merits. According to Fannie Mae, Village Green should have appealed after the Court issued its decision in *Village Green II* on January 27, 2014. However, the Sixth Circuit recently held that a district court's order "rejecting a confirmation plan is not a final order appealable under 28 U.S.C. 158(d)(1)."[22] Based on this authority, the Court's decisions in *Village Green I* and *II* were not final appealable orders because the Court in each instance rejected Village Green's confirmation plan and remanded to the Bankruptcy Court for further proceedings. Fannie Mae's argument on this point is not persuasive. Therefore, the Court concludes that this factor weighs in favor of granting the stay.

**IV. Public Interest**

Finally, the Court holds that the public interest does not weigh strongly for or against a stay pending appeal. The Court held in *Village Green II* that Village Green's fifth amended plan could not be confirmed in its current form, and on remand the Bankruptcy Court dismissed Village Green's case. The reality is that "all troubled businesses cannot be rehabilitated or successfully reorganized

---

[21] With respect to the Court's analysis of the fairness of contractual modifications to Fannie Mae in *Village Green II*, the Court is not persuaded that the issue raises a serious question in this appeal. The Court decided in *Village Green II* that the Bankruptcy Court had abused its discretion by approving "the modification of Fannie Mae's other contractual rights to consent to the management of the property" but without actually "mak[ing] an equitable determination about those modifications or even findings to support such a determination." *Village Green II*, 2014 WL 288974, at *9. The Court need not consider the issue further to decide the Motion for Stay because Village Green has shown that other serious merits questions are presented in this appeal.

[22] *In re Lindsey*, 726 F.3d 857, 859 (6th Cir. 2013).

10

under chapter 11."²³ As such, the "automatic stay and the accompanying breathing spell do not last forever."²⁴ The Court finds that the public interest in the finality of judgment weighs against a stay pending appeal. And yet while the Court cannot say that Village Green is likely to prevail on appeal, Village Green has shown that serious merits questions exist. A stay then will preserve the controversy for appellate review, which in turn serves "[t]he fundamental purpose of reorganization . . . to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources."²⁵ The Court finds that a stay pending appellate review of these merits questions, issues of first impression in this Circuit, will serve the public interest in the orderly administration of Chapter 11. Overall, the public interest weighs neither strongly for nor against a stay pending appeal.

Based on a careful balancing of the factors, the Court holds that a stay pending appeal in this matter is warranted. Village Green has carried its burden to show that it will suffer serious and irreparable harm if the Court does not stay the judgment and block the foreclosure sale of its only asset, the property that is the subject of this reorganization proceeding. The Court finds that the threat of harm to Village Green clearly outweighs the possible harm to Fannie Mae that a stay pending appeal might present. The Court can mitigate any risk of prejudice to Fannie Mae's rights by fashioning a stay under appropriate conditions to protect Fannie Mae while the appeal proceeds.

---

²³ *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780, 789 (Bankr. W.D. Tenn. 1992).

²⁴ *Id.*

²⁵ *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 528 (1984); *see also United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203 (1983) (" By permitting reorganization, Congress anticipated that the business would continue to provide jobs, to satisfy creditors' claims, and to produce a return for its owners.").

Village Green has also shown that serious issues going to the merits of its appeal, questions of law previously undecided by the Sixth Circuit, exist in this case. The Court finds that on balance, these factors favor the stay. Therefore, Village Green's Motion for Stay Pending Appeal is **GRANTED**.

## V. Terms of the Stay

Fannie Mae argues that in the event the Court grants a stay, the Court should do so under terms favorable to Fannie Mae. Fannie Mae has specifically requested that Village Green be required to pay all amounts required under the parties' agreements and to comply "in every material respect with each and all of the covenants, conditions, and representations in the Loan Documents."[26] Village Green's position on the terms of a stay was not entirely clear. At the motion hearing, Village Green did not oppose a stay under many of the terms requested by Fannie Mae. Village Green seemed to argue that all or some portion of its monthly payments should be deposited in a segregated account pending appeal. The Court finds that additional argument from the parties would assist the Court in fashioning the terms of the stay pending appeal.

Therefore, the parties are ordered to submit supplemental briefing on the terms of the stay. The parties should address the following terms in particular: (1) the total amount of Village Green's monthly payments during the stay, including a breakdown of the monthly payment into principal, interest, and other amounts due under the loan documents; (2) whether Village Green should make payments to Fannie Mae, to a segregated account, and/or to an independent escrow account; (3) the terms and conditions for any disbursement of funds paid by Village Green; and (4) any other relevant terms the Court should consider as part of the stay pending appeal. Village Green should file its supplemental brief on the terms of the stay within 14 days of the entry of this order. Fannie Mae's

---

[26] Fannie Mae's Resp. 17.

response is due within 14 days of the service of Village Green's brief. Once the parties have briefed these issues, the Court will issue an appropriate order.

## CONCLUSION

Village Green's Motion for Stay Pending Appeal is **GRANTED** pursuant to Federal Rule of Bankruptcy Procedure 8005. The parties are ordered to submit supplemental briefing on the specific terms of the stay.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 10, 2014.