# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| VILLAGE GREEN I, GP, <br> a Nevada General Partnership, <br><br> Appellant, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 14-2351-STA-tmp |

## ORDER GRANTING APPELLANT'S MOTION FOR STAY PENDING APPEAL

Before the Court is Appellant Village Green I, GP ("Village Green")'s Motion for Stay Pending Appeal (ECF No. 39) filed on December 22, 2014. Appellee Federal National Mortgage Association ("Fannie Mae") responded in opposition on December 24, 2014. Village Green has requested an emergency hearing on the Motion. The Court finds that a hearing would not assist the Court in its determination of the issue. For the reasons set forth below, Village Green's Motion for Stay pending appeal to the United States Court of Appeals for the Sixth Circuit is **GRANTED**.

## BACKGROUND

This is the third appeal in this matter from a decision of the United States Bankruptcy Court for the Western District of Tennessee. The Court has set out the factual and procedural background of the case in its opinions in *Federal National Mortgage Association v. Village Green I, GP*, 483 B.R. 807 (W.D. Tenn. 2012) ("*Village Green I*"); *Federal National Mortgage*

*Association v. Village Green I, GP*, No. 13-2643-STA-tmp, 2014 WL 288974 (W.D. Tenn. Jan. 27, 2014) ("*Village Green II*"); and, most recently, *Village Green I, GP v. Federal National Mortgage Association*, --- B.R. ---, No. 14-2351-STA-tmp, 2014 WL 6769621 (W.D. Tenn. Dec. 1, 2014) ("*Village Green III*"). In *Village Green III*, Village Green appealed the Bankruptcy Court's *sua sponte* dismissal of its chapter 11 petition and decision to lift the automatic stay. Before the parties had briefed the merits, Village Green filed a motion for stay of the Bankruptcy Court's orders pending the outcome of the appeal. Fannie Mae had noticed a foreclosure sale of the Village Green property for June 13, 2014. The Court conducted an emergency motion hearing on May 29, 2014, and subsequently entered an order granting Village Green's motion for stay (ECF No. 19) on June 10, 2014. The Court found that Village Green had shown a strong likelihood of irreparable harm, as the property was Village Green's only asset and foreclosure would render its appeal moot. The Court went on to hold that the likelihood of irreparable harm to Village Green decidedly outweighed any threat of harm to Fannie Mae and that serious questions going to the merits of the appeal existed.[1] The Court concluded that the balance of these factors weighed in favor of granting a stay while the appeal proceeded. Following the entry of the Court's order granting the motion for stay, the Court entered a supplemental order on the terms of the stay pending appeal (ECF No. 31) on July 29, 2014.

The Court issued its opinion in *Village Green III* on December 1, 2014, affirming the Bankruptcy Court's *sua sponte* dismissal of Village Green's Chapter 11 petition and decision to lift the automatic stay. The Court restated its previous holding that Village Green's treatment of certain *de minimis* claims in its chapter 11 plan implicated the doctrine of artificial impairment.

---

[1] The Court determined that the public interest weighed neither strongly for nor strongly against a stay.

The Court also restated its holding that Village Green had to demonstrate some economic justification for impairing the claims of its attorney and accountant. Because the Court had concluded in *Village Green II* that Village Green lacked any justification for impairing the *de minimis* claims, the Court found no error in the Bankruptcy Court's *sua sponte* dismissal of Village Green's petition. Furthermore, with reorganization no longer in prospect, the Bankruptcy Court properly lifted the automatic stay. The Court entered judgment, and on December 12, 2014, Village Green filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit.

Fannie Mae has now noticed a foreclosure sale of the Village Green property for January 30, 2015, and Village Green has responded by filing the instant Motion for Stay.[2] Village Green reiterates many of the same arguments it raised in support of its motion for stay pending the appeal to this Court. Village Green contends that it will suffer irreparable harm if the foreclosure proceeds because Village Green will lose its only asset and its appeal to the Sixth Circuit will be moot. The serious question going to the merits continues to be the doctrine of artificial impairment. Village Green cites the circuit-split over the proper application of that doctrine and the fact that the Sixth Circuit has yet to take a position on the matter. Fannie Mae will continue to receive monthly payments from Village Green and therefore will not suffer any harm if the current stay remains in effect. A stay will also serve the public interest in permitting the reorganization of business concerns under chapter 11 and promoting meaningful appellate review generally. Therefore, Village Green requests that the Court enter a stay on identical terms to the stay granted while the case was on appeal to this Court.

---

[2] According to Village Green's Motion to Stay, Fannie Mae initially noticed the foreclosure for December 16, 2014, but agreed to continue the sale to January 30, 2015.

Fannie Mae has filed a response in opposition to Village Green's Motion for Stay. Fannie Mae argues that Village Green has not shown any likelihood of success on the merits or even serious questions going to the merits. According to Fannie Mae, Village Green cannot show any likelihood of success essentially because the Court ruled against Village Green on each of the issues raised in *Village Green III*. Fannie Mae highlights the Court's conclusion in *Village Green III* that the circuit split over the doctrine of artificial impairment was not relevant to the outcome of the appeal. Fannie Mae further argues that Village Green will not suffer irreparable harm in the event of a foreclosure because Village Green will still have other remedies available under state law. For its part Fannie Mae will continue to suffer the deprivation of its contractual right to foreclose and the benefit of its bargain with Village Green. Under the circumstances a stay would undermine the public interest in enforcing binding contracts, granting finality to bankruptcy proceedings, and deterring meritless appeals. As such, the Court should deny Village Green's Motion for Stay.

## **STANDARD OF REVIEW**

Federal Rule of Bankruptcy Procedure 8025 provides that the judgment of a district court is stayed for 14 days after entry and grants a district court the authority to stay its judgment pending appeal to the Court of Appeals "[o]n a party's motion and notice to all other parties to the appeal."[3] The stay must not exceed 30 days "except for cause shown" or unless the party who obtained the stay files a notice of appeal before the stay expires, in which case "the stay continues until final disposition by the court of appeals."[4] "Deciding a motion for a stay requires

---

[3] Fed. R. Bankr. P. 8025(b).

[4] Fed. R. Bankr. P. 8025(b)(2) & (3).

balancing four factors: (1) the likelihood that the party seeking the stay will prevail on the merits on appeal, (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."[5] The four factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together" based on an analysis of an "adequate record" of "specific facts and affidavits supporting assertions that these factors exist."[6] As the moving party, Village Green bears the burden to show that it is entitled to a stay.[7]

## ANALYSIS

For largely the same reasons the Court granted a stay of the Bankruptcy Court's judgment pending the outcome of *Village Green III*, the Court holds that Village Green has carried its burden to show an entitlement to a stay of this Court's judgment pending appeal to the Sixth Circuit. The Court continues to find that Village Green has shown a strong likelihood of irreparable harm. Fannie Mae has noticed a foreclosure sale for the Village Green property for January 30, 2015. As the Court noted in its previous order staying the judgment of the Bankruptcy Court, "[t]he threatened harm of foreclosure is substantial in this case because the property is Village Green's only asset in a single-asset bankruptcy reorganization."[8] And absent a stay at this juncture, foreclosure would likely render Village Green's appeal to the Sixth Circuit

---

[5] *In re Stearns Bldg.*, 165 F.3d 28 (6th Cir. 1998).

[6] *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991).

[7] *Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

[8] Order Granting Motion for Stay 7-8, June 10, 2014 (ECF No. 19).

5

moot.⁹  The Court further finds that the risk of harm to Fannie Mae is not great.  The terms of the stay previously adopted by the Court pending the outcome of *Village Green III* will continue to protect Fannie Mae's interests in the property.  Fannie Mae will receive payments of principal and interest and have many of the protections of its pre-petition agreements with Village Green, thereby mitigating any potential harm Fannie Mae might face during Village Green's appeal to the Sixth Circuit.  And just as before, the Court finds that the public interest does not weigh strongly for or against a stay pending appeal.

As for a serious question going to the merits, the Court continues to find that Village Green's appeal raises important issues of first impression in this Circuit.  The Sixth Circuit Court of Appeals has never addressed the doctrine of artificial impairment, which is indisputably the primary issue in this case.  Village Green has maintained throughout the case that "[t]here is no such thing as artificial impairment. There is simply impairment."¹⁰  This Court has reached the opposite conclusion and held that Village Green's chapter 11 plan impaired the claims of its attorney and accountant without any economic justification.  On that issue, the Sixth Circuit has never considered whether a debtor "must demonstrate some economic justification for delaying payment to the *de minimis* creditors" to prove "that the claims are actually, as opposed to artificially, impaired."¹¹  The Court concludes then that Village Green has satisfied its burden to

---

⁹ *See Conway v. Nusbaum*, 109 F. App'x 44, 45 (6th Cir. 2004) ("When a debtor fails to obtain a stay of an order lifting an automatic stay, thus allowing the creditor to foreclose and a sale to a good faith purchaser to be effected, the foreclosure renders moot any bankruptcy appeal concerning the propriety of the lifting of the stay or the validity of the sale, and the court lacks a proper remedy.").

¹⁰ Village Green's Reply Br. 4 (ECF No. 34).

¹¹ *Village Green II*, 2014 WL 288974, at *3.

point to serious questions going to the merits of the case.

Fannie Mae argues that Village Green has failed even to raise a serious question going to the merits, largely because the Court rejected Village Green's assignments of error in *Village Green III*. It is true that *Village Green III* held that the circuit split over the doctrine of artificial impairment was not relevant to the outcome of the appeal and rejected Village Green's other arguments on appeal. However, Village Green's theories that artificial impairment is not a cognizable legal doctrine or that a debtor's intent in proposing a plan impairing the claim of a creditor is irrelevant qualify as a serious questions going to the merits of the appeal. Therefore, the Court rejects Fannie Mae's argument on this point.

Having concluded that the balance of the factors weighs in favor of a stay, the Court hereby stays its judgment under the same terms the Court adopted in its supplemental order dated July 29, 2014. Village Green's Motion for Stay is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 6, 2015.